KEVIN P. MUCK (CSB No. 120918)
kmuck@fenwick.com
MARIE C. BAFUS (CSB No. 258417)
mbafus@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

FELIX S. LEE (CSB No. 197084)
flee@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

Attorneys for Defendants
ShoreTel, Inc., Shane Robison, Don Joos,
Marjorie Bowen, Mark Bregman, Kenneth
Denman, Charles Kissner, Constance Skidmore
and Josef Vejvoda

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIANFRANCA DE ANGELIS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SHORETEL, INC., SHANE ROBISON, DON JOOS, MARJORIE BOWEN, MARK BREGMAN, KENNETH DENMAN, CHARLES KISSNER, CONSTANCE SKIDMORE, and JOSEF VEJVODA,<br><br>Defendants. | Case No.: 17-cv-5091-WHO<br><br>**STIPULATION AND ORDER VOLUNTARILY DISMISSING ACTION AS MOOT PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(ii)** |

# STIPULATION OF DISMISSAL

WHEREAS, on August 31, 2017, Plaintiff Gianfranca De Angelis filed the above-captioned action (the "De Angelis Action");

WHEREAS, five other substantially similar actions have been filed in this Court, styled *Scarantino v. ShoreTel, Inc., et al.*, Case No. 4:17-cv-04857-YGR (the "Scarantino Action"), *Frydman v. ShoreTel, Inc., et al.*, Case No. 4:17-cv-04865-BLF (the "Frydman Action"), *Mozee v. ShoreTel, Inc., et al.*, Case No. 4:17-cv-04888-HSG (the "Mozee Action"), *Simonson v. ShoreTel, Inc., et al.*, Case No. 3:17-cv-04931-WHA (the "Simonson Action") and *Herrera v. ShoreTel, Inc., et al.*, Case No. 3:17-cv-04988-WHO (the "Herrera Action"), all of which are collectively referred to with the De Angelis Action as the "Actions";

WHEREAS, the Actions challenged disclosures made in connection with the proposed acquisition of ShoreTel, Inc. ("ShoreTel"), by Mitel Networks Corporation and its subsidiaries (collectively, "Mitel"), pursuant to a definitive agreement and plan of merger filed with the United States Securities and Exchange Commission ("SEC") on or around July 26, 2017 (the "Transaction");

WHEREAS, the Actions asserted claims for, *inter alia*, Defendants' alleged violations of Sections 14 and 20(a) of the Securities Exchange Act of 1934 in ShoreTel's Solicitation/ Recommendation Statement (the "Solicitation Statement"), filed with the SEC on or around August 17, 2017;

WHEREAS, Defendants deny that Plaintiffs have asserted any meritorious claim, deny that the Solicitation Statement contained any misstatement or omission, and deny that any further information is required under any federal or state law;

WHEREAS, on September 8, 2017, ShoreTel filed an amendment to the Solicitation Statement that included certain additional information relating to the Transaction that addressed and mooted claims regarding the sufficiency of the disclosures in the Solicitation Statement as alleged in the Actions (the "Supplemental Disclosures");

WHEREAS, Plaintiff De Angelis's counsel believes they may assert a claim for a fee in connection with the prosecution of the DeAngelis Action and the issuance of the Supplemental

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Disclosures, and have informed Defendants of their intention to petition the Court for such a fee if their claim cannot be resolved through negotiations between counsel for Plaintiffs in the Actions and Defendants (the "Fee Application");

WHEREAS, for the sake of judicial economy and the convenience of all parties, counsel for plaintiffs in all of the Actions have coordinated their efforts and intend to file any Fee Application jointly in the Scarantino Action, which was the first-filed of the Actions;

WHEREAS, all of the Defendants in the Actions reserve all rights, arguments and defenses, including the right to oppose any potential Fee Application and the right to dispute which Court should address any Fee Application;

WHEREAS, no class has been certified in the Actions;

WHEREAS, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to Plaintiff De Angelis or her attorneys and no promise, understanding, or agreement to give any such compensation has been made, nor have the parties had any discussions concerning the amount of any mootness fee application;

NOW, THEREFORE, subject to the approval of the Court, the parties stipulate and agree as follows:

1. The De Angelis Action is dismissed, all claims asserted therein are dismissed with prejudice as to Plaintiff only, and all claims on behalf of the putative class are dismissed without prejudice.

2. Because the dismissal is with prejudice as to Plaintiff only, and not on behalf of a putative class, notice of this dismissal is not required.

3. If a Fee Application becomes necessary, Plaintiff De Angelis's counsel may seek a fee by joining in the Fee Application to be filed in the Scarantino Action where the Court will retain jurisdiction, as appropriate, for the Fee Application.

4. This Stipulation, and any Order thereon, are made without prejudice to any right, position, claim or defense any party may assert with respect to the Fee Application, which includes the Defendants' right to oppose the Fee Application and the right to dispute which Court should address any Fee Application.

| | |
|---|---|
| Dated: September 21, 2017 | WEISSLAW LLP |
| | By /s/ *Joel E. Elkins* |
| | Joel E. Elkins |
| | Attorneys for Plaintiff Gianfranca De Angelis |
| Dated: September 21, 2017 | FENWICK & WEST LLP |
| | By /s/ *Kevin P. Muck* |
| | Kevin P. Muck |
| | Attorneys for Defendants ShoreTel, Inc., Shane Robison, Don Joos, Marjorie Bowen, Mark Bregman, Kenneth Denman, Charles Kissner, Constance Skidmore and Josef Vejvoda |

\* \* \*

Pursuant to Civil Local Rule 5-1(i)(3), all signatories concur in the filing of this stipulation.

Dated: September 21, 2017

/s/ *Kevin P. Muck*
Kevin P. Muck

**ORDER**

Pursuant to the foregoing stipulation, IT IS HEREBY ORDERED that:

1. The De Angelis Action is dismissed, all claims asserted therein are dismissed with prejudice as to Plaintiff only, and all claims on behalf of the putative class are dismissed without prejudice.

2. Because the dismissal is with prejudice as to Plaintiff only, and not on behalf of a putative class, notice of this dismissal is not required.

3. If a Fee Application becomes necessary, Plaintiff De Angelis's counsel may seek a fee by joining in the Fee Application to be filed in the Scarantino Action, where the Court will retain jurisdiction, as appropriate, for the Fee Application.

4. This Stipulation, and any Order thereon, are made without prejudice to any right, position, claim or defense any party may assert with respect to the Fee Application, which includes the Defendants' right to oppose the Fee Application and the right to dispute which Court should address any Fee Application.

Dated: _September 22, 2017_____      _____
                                                              The Honorable William H. Orrick
                                                                United States District Judge

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO